UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MAJOR BRIAN G. DAMRON**                                                                           **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:22-CV-P18-TBR**

**SHAWN GOURD et al.**                                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Major Brian G. Damron initiated this 42 U.S.C. § 1983 action. Plaintiff's complaint (DN 1) and amended complaint (DN 7) are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed while others will be allowed to proceed.

### I. STATEMENT OF CLAIMS

Plaintiff, who was a convicted prisoner incarcerated at and in transit from the Marshall County Jail during the time relevant to this complaint, sues Marshall County Deputy Jailer Shawn Gourd and Marshall County Jail Nurse Heather Caraway in their individual and official capacities. He alleges that Defendant Gourd participated in booking him into the Marshall County Jail and then transporting him to the Ohio County Jail. Plaintiff alleges that he was subjected to Defendant Gourd's erratic and dangerous driving during the trip. Plaintiff also alleges that when Defendant Gourd stopped the vehicle, he assaulted Plaintiff, who was shackled and in his seat belt at the time. Plaintiff alleges that Defendant Caraway witnessed Defendant Gourd's actions and did nothing to protect Plaintiff.

As relief, Plaintiff requests damages, to be placed back on supervised probation, to have his record expunged, and to have his voting rights and his right to hold public office restored. He also asks to "file this claim under 28 U.S.C. §§ 2241, 2254, 2255."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Eighth Amendment claims

The claims against Defendants in their official capacity must be construed as brought against the governmental entity employing them, here, Marshall County. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, a court must determine whether the plaintiff's harm was caused by a constitutional violation and also determine whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor –

or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, even reading Plaintiff's allegations liberally, as the Court is required to do, the Court finds that Plaintiff has not alleged that a Marshall County custom or policy was the moving force behind any of the alleged constitutional violations. As such, his official-capacity claims will be dismissed.

On review, the Court will allow Plaintiff's Eighth Amendment individual-capacity claims to continue against Defendants.

*B. Requested relief*

Among Plaintiff's requests for relief are to be placed back on supervised probation, have his record expunged, and to have his voting rights and his right to hold public office restored. None of these are appropriate relief in this civil-rights action.

As to his request to be returned to supervised probation, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Plaintiff's request for expungement of his record fails to state a claim upon which relief may be granted because "[t]he right to expungement of state records is not a federal constitutional right." *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980).

As to his request to his voting rights and his right to hold public office restored, Plaintiff does not state that he has pursued this requested relief within the Commonwealth of Kentucky's system to do so. Additionally, the named Defendants in this action would in no way be able to provide the requested relief. As such, he fails to state a claim upon which relief may be granted.

Plaintiff also asks to "file this claim under 28 U.S.C. §§ 2241, 2254, 2255." Each of these are kinds of habeas corpus actions, which are separate and distinct from this civil-rights action. The Court will direct the Clerk of Court to send the Court's approved forms for these various habeas actions. Plaintiff must decide which, if any, of these habeas actions meets his needs and file the appropriate form to initiate a separate habeas action.

### III. FOURTH MOTION TO AMEND (DN 17)

Plaintiff's fourth motion to amend asks to amend to correct Plaintiff's address on the summonses for Defendants Gourd and Caraway. He attaches summonses for each Defendant with his current address.

**IT IS ORDERED** that Plaintiff's motion (DN 17) is **GRANTED**.

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims and his claims for relief other than monetary and punitive damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Defendants in their individual capacities will continue for monetary and punitive damages.

The Clerk of Court is **DIRECTED** to send to Plaintiff the Court's forms for 28 U.S.C. §§ 2241, 2254, and 2255 actions.

Date: June 30, 2022

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Marshall County Attorney
4413.009